UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-601-H

JAMES A. McNUTT                                                              PLAINTIFF

V.

CSX TRANSPORTATION, INC.                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this case against his former employer, Defendant CSX Transportation, Inc., under the Federal Employers' Liability Act ("FELA") for injuries he sustained on the job. Specifically, Plaintiff alleges that "he suffered bilateral torn rotator cuffs as a result of the repetitive occupational trauma to his shoulders, which required bilateral shoulder surgeries." (Compl. ¶ 9.) Defendant moves for summary judgment on the narrow issue of the statute of limitations. Because it is clear Plaintiff knew of his injuries and, at a minimum, should have known those injuries were possibly related to his work for Defendant more than three years prior to filing this suit, the Court will dismiss all of Plaintiff's claims.

**I.**

FELA provides, "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. An action accrues under FELA when the plaintiff knew or reasonably should have known of his injury and its alleged cause. *Hicks v. Hines, Inc.*, 826 F.2d 1543, 1544 (6th Cir. 1987). Plaintiff filed this case on December 21, 2007. Thus, Plaintiff's claim is stale and should be dismissed if he knew or should have known of his injury and the possible cause of it prior to December 21, 2004.

There can be no reasonable dispute that Plaintiff knew about his injury before December 21, 2004. An April 1, 2004 medical record from Plaintiff's treating physician states, "[Plaintiff] is a patient of mine who has been having problems with both shoulders, worse on the right than on the left. *He has had these chronically for years*." (emphasis added). Moreover, a November 24, 2003 MRI revealed torn rotator cuffs in both shoulders, the exact injuries for which Plaintiff brought this claim. Perhaps the strongest evidence that Plaintiff knew of these injuries outside the applicable statute of limitations is the fact that he admittedly had surgery on his right shoulder to repair the torn rotator cuff on April 1, 2004. (*See* Pl.'s Answers to Def.'s Interrogatories ¶ 8.)

The remaining question, then, is whether Plaintiff knew or should have known that these injuries were related to his work for Defendant. This, too, cannot reasonably be disputed. At his deposition, when asked at what times he noticed the pain in his shoulders, Plaintiff responded, "After doing a lot of heavy lifting and just general work, just the general work I had to do . . . just general heavy lifting and stuff you had to do to do your job." (Pl.'s Dep. 22:21 - 23:15.) Moreover, he agrees that he told his doctor, in November of 2003, that he had "difficulty in reaching out for objects in the overhead position at his job" and that "he is exposed to heavy repetitive work in the overhead position." (Pl.'s Dep. 31:2-15.) From this evidence, the Court concludes that prior to December 21, 2004, Plaintiff knew that: (1) he experienced significant pain in his shoulders; (2) both his rotator cuffs were torn; and (3) he experienced the pain primarily while at work when reaching above his head. From these factual findings, the Court concludes that Plaintiff's claims for work-related shoulder injuries under FELA occurred prior to December 21, 2004.

Plaintiff's claim shares similarity with the Sixth Circuit's decision in *Hicks*. There, the plaintiff suffered from bladder cancer as a result of over-exposure to chemicals at his workplace. In 1973, the plaintiff began having problems with his eyes. At that time, his "eye doctor asked if he worked in a chemical plant, mentioned that [he] has 'chemical spots' in his eye, and stated that he could expect degeneration in it." *Hicks*, 826 F.2d at 1544. In 1979, the plaintiff went completely blind. It was not until 1983 that the plaintiff was diagnosed with bladder cancer. Plaintiff brought his lawsuit the next year. Still, the Sixth Circuit found that the FELA three year statute of limitations had run on the plaintiff's claims related to bladder cancer. The Circuit held,

> The combination of his knowledge of the eye doctor's statements and [his] later blindness should reasonably have put him on notice by 1979, more than three years prior to the time at which he filed suit, that he had been exposed to injurious chemicals and suffered damages therefrom. This was sufficient to begin the running of the three-year statute of limitations.

*Id.* at 1547. The facts here more strongly favor summary judgment than the facts in *Hicks*. Our Plaintiff was actually diagnosed with the exact injury for which he is now suing and clearly saw a correlation between that injury and his work prior to December 21, 2004.

## II.

In response, Plaintiff has provided only two relevant pieces of evidence. The first is a medical record from July 15, 2005, the date Plaintiff had surgery to repair his torn rotator cuff in his left shoulder. Under the patient history section, that report states, "This is a 59-year-old who has a several month history of increasing discomfort in the left shoulder." Based on that one line that indicates the discomfort had existed for several months, Plaintiff contends that he had no reason to know of his injury to the left shoulder or its cause prior to December 21, 2004. This evidence falls far short of overcoming the other contrary evidence. Plaintiff testified by

3

deposition that both shoulders experienced significant pain in 2003 and that he sought treatment for both shoulders in 2003.  Moreover, the medical records from 2003 also refute any suggestion that Plaintiff lacked knowledge of his problems.  Finally, and most important, the surgery in 2005 was to repair a torn rotator cuff that everyone agrees was actually diagnosed in 2003.

Second, Plaintiff claims that he did not receive a "medical diagnosis within a reasonable degree of medical certainty" that his shoulder injuries were caused by his work until 2008.  A medical diagnosis, however, is not required for a plaintiff to reasonably know that his injury is possibly related to his work.  Rather, the plaintiff must exercise "due diligence" to learn the cause of his injury.  "The 'due diligence' requirement means that a plaintiff who has reason to suspect that his injury is work related must take steps to see whether this is, in fact, the case." *Wells v. Norfolk Southern Ry. Co.*, 108 F.3d 1378, 1997 WL 103319, at *1 (6th Cir. 1997) (table opinion) (citing *Fries v. Chicago & Northwestern Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990) ("That this rule imposes on injured plaintiffs an affirmative duty to investigate the potential cause of his injury has not been lost on the courts.")).  It is undisputed that Plaintiff knew of his injuries in 2003 and connected those injuries to his work.  Thus, Plaintiff was under a duty at that time to investigate the cause of his injuries and the statute of limitations had begun running.  Because Plaintiff failed to bring his claim within three years, his claim is now barred.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is SUSTAINED and all of Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc: Counsel of Record